UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-96-PEP

ALLEN K. TACKETT,                                                    PLAINTIFF,


V.                          **MEMORANDUM OPINION**
                                **AND ORDER**


JO ANNE B. BARNHART,
Commissioner of Social Security,                        DEFENDANT.


## I.  INTRODUCTION

Plaintiff, Allen K. Tackett, has brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income.  This matter has been referred to the undersigned for decision and entry of final judgment by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1).  Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, Plaintiff's motion for summary judgment shall be denied, Defendant Commissioner's motion for summary judgment shall be granted, and Judgment shall be entered affirming the final decision of the Defendant

Commissioner.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his application for a period of disability, disability insurance benefits, and supplemental security income on January 22, 2002.  (Tr. 75-79, 128-132.)  The claim was denied initially and on reconsideration.  (Tr. 51-55, 57-60, 134-138, 140-143.)  At Plaintiff's request, an administrative hearing, presided by Administrative Law Judge James D. Kemper (hereinafter "ALJ"), was conducted on April 18, 2003.  (Tr. 269-296.)  Plaintiff, accompanied by his attorney, testified at the hearing.  (Id.)  Also testifying was vocational expert Julie Morrissey (hereinafter "VE").  (Id.)   On December 22, 2003, the ALJ issued an adverse administrative decision.  (Tr. 13-25.)  The Appeals Council declined to review the ALJ's decision (Tr. 4-6) and Plaintiff now seeks judicial review.

Plaintiff was forty-eight years old at the time of the administrative decision.  (Tr. 17, 271.)  He has a high school equivalent education and his past relevant work experience consists of employment as a roof bolter, rock duster, and supply man at various coal mines.  (Tr. 17, 92, 272, 274-277.)  On December 22, 2003, the ALJ issued his decision finding that Plaintiff was not disabled and therefore did not qualify for a period of disability, disability insurance benefits, or supplemental security income.  (Tr. 13-25.)  At the outset, the ALJ found that Plaintiff met the disability

insured status requirement for a period of disability and disability insurance benefits under the Social Security Act, see generally 20 C.F.R. §§ 404.130-404.132, and was insured for benefits through December 22, 2003. (Tr. 23.) At the first step of the sequential evaluation process, see generally 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since December 1, 2001, the alleged onset date of disability. (Tr. 23.) At the second step, the ALJ found that Plaintiff had an impairment or combination of impairments considered severe within the meaning of the Regulations, see 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c), 416.921. (Tr. 23.) At the third step, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1. (Tr. 23.) At the fourth step, the ALJ found that Plaintiff was unable to perform his past relevant work, see 20 C.F.R. §§ 404.1560(b), 416.960(b). (Tr. 24.)

At the fifth and final step, relying on the testimony of the VE and taking into consideration the Plaintiff's age, educational background, past relevant work experience, and residual functional capacity (hereinafter "RFC")[1], the ALJ found that

---

[1] An RFC is the assessment of the claimant's maximum remaining capacity to perform work related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567 at *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708 at *11 (6th Cir. Jan. 12, 2001). In the instant case, the ALJ assessed the following RFC:

Plaintiff was capable of making a successful adjustment to work existing in substantial numbers in the national economy.[2] (Tr. 22-24.) Accordingly, the ALJ found Plaintiff not to be disabled at step five of the sequential evaluation process. See 20 C.F.R. §§ 404.1520(g), 416.920(g). The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 4, 2005. (Tr. 4-6.) Plaintiff thereafter filed this action. By virtue of the parties' stipulations of consent (Record Nos. 3 and 8), this matter is before the undersigned for decision upon the parties' motions for summary judgment (Record Nos. 15 and 16), which are now ripe for review.

---

[Plaintiff] is able to lift or carry twenty pounds occasionally and ten pounds frequently. [Plaintiff] can occasionally stoop and crawl. [Plaintiff] has poor (seriously limited but not preluded) ability to deal with the public, deal with work stresses, behave in an emotionally stable manner, and understand, remember, and carry out detailed job instructions. [Plaintiff] has a fair (limited but satisfactory) ability to follow work rules, relate to co-workers, use judgment, interact with supervisors, function independently, maintain attention and concentration, maintain personal appearance, relate predictably in social situations, demonstrate reliability, and understand, remember, and carry out simple job instructions.

(Tr. 24.)

[2] At the light level of exertion, the VE identified office clerk (316,000 jobs nationally and 18,000 jobs in the region of Kentucky, Ohio, and West Virginia) and unskilled security guard (328,000 nationally and 18,000 regionally) as jobs existing in significant numbers in the national economy that an individual of Plaintiff's age, educational background, work experience, and assumed limitations could perform. At the sedentary level of exertion, the VE identified cashier (563,000 nationally and 38,000 regionally) and small machine tender (150,000 nationally and 6,000 regionally). (Tr. 293.) Post hearing, the jobs of office clerk, unskilled security guard, and small machine tender were reduced in numbers by fifty percent as an adjustment in order to accurately reflect the numbers of jobs Plaintiff could perform given his psychological limitations. (Tr. 23.)

4

<u>III. ANALYSIS</u>

A.  <u>General Standard of Review</u>

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence.  42 U.S.C. § 405(g); <u>Abbott v. Sullivan</u>, 905 F.2d 918, 922 (6th Cir. 1990); <u>see also</u> <u>Jones v. Sec'y of Health & Human Servs.</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." <u>Casey  v. Sec'y of Health & Human Servs.</u>, 987 F.2d 1230, 1233 (6th Cir.1993); <u>see also</u> <u>Her v. Comm'r of Soc. Sec.</u>, 203 F.3d 388, 389-90 (6th Cir. 1999).  The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts.  <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986).  If the Commissioner's

decision is supported by substantial evidence, a reviewing court must affirm.  Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).  Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

### B.  Plaintiff's Contentions on Appeal and Analysis

Plaintiff's sole claim of error is that the hypothetical question posed to the VE failed to accurately portray Plaintiff's physical impairments.  At step four of the sequential evaluation process, see generally 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that Plaintiff was unable to perform his past relevant work of coal mine roof bolter, rock duster, and supply man.  (Tr. 24.)  Once an ALJ determines that a claimant cannot perform his past relevant work, the burden shifts to the Defendant Commissioner to demonstrate the existence of other employment existing in significant numbers in the national economy that the claimant is able to perform. Grecol v. Halter, 2002 U.S. App. LEXIS 18156 at *10 (6th Cir. Aug 29, 2002); Price v. Heckler, 767 F.2d 281, 284 (6th Cir. 1985); see also 20 C.F.R. §§ 404.1520(g), 416.920(g).

To sustain the Defendant's Commissioner's burden, substantial evidence must support the finding that a claimant possesses the RFC and vocational qualifications to perform specific jobs.  Tackett v. Sec'y of Health & Human Servs., 1987 U.S. App. LEXIS 7597 at *6 (6th Cir. June 16, 1987); Gray v. Finch, 427 F.2d 336, 338 (6th Cir. 1970).  Although not per se required, the testimony of a VE is the preferred method of supporting a finding that Plaintiff is capable of making an adjustment to work found in significant numbers in the national economy.  See Janik v. Sec'y of Health & Human Servs., 1988 U.S. App. LEXIS 17043 at *12 (6th Cir. Dec. 14, 1988); Hooper v. Sec'y of Health & Human Servs., 1984 U.S. App. LEXIS 13538 at *9 (6th Cir. Dec. 3, 1984); O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978).  However, in order for the testimony of a VE to constitute substantial evidence, the hypothetical question posed to the VE must accurately portray the claimant's physical and mental impairments.  Valey v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987).

In the instant case, Dr. Michael J. Lyons completed a medical assessment of Plaintiff's ability to perform work related activities, in which he opined that Plaintiff was restricted to lifting fifteen to twenty pounds occasionally.  (Tr. 253.)  Dr. Lyons also opined that Plaintiff could only occasionally climb, stoop, crouch, or crawl.  (Tr. 254.)  In contrast, two State agency medical consultants agreed that Plaintiff was

capable of lifting fifty pounds occasionally and twenty-five pounds frequently.  (Tr. 198, 236.)  The two State agency medical consultants also agreed that Plaintiff could only occasionally stoop or crawl.  (Tr. 211, 237.)

Where, as in this case, the record contains conflicting evidence, it is the role of the ALJ to weigh and resolve conflicts in the evidence.  See Chandler v. Comm'r of Soc. Sec., 2005 U.S. App. Lexis 3264 at *9 (6th Cir. Feb. 23, 2005); Acquaviva v. Sec'y of Health & Human Servs., 1983 U.S. App. LEXIS 12275 at *5 (6th Cir. Dec. 9, 1983); Mercer v. Matthews, 403 F. Supp. 1350, 1354 (E.D. Ky. 1975).  To that end, the ALJ in the instant case stated that greater weight was assigned to the opinion of Dr. Lyons than the opinions of the State agency medical consultants.  (Tr. 21.) Plaintiff interprets this statement as evidence that the ALJ intended to adopt the restrictions identified by Dr. Lyons in their entirety and to the exclusion of other evidence in the record.  Thus, according to Plaintiff, the hypothetical question posed to the VE was flawed as it did not include the limitations on climbing and crawling.

However, as the Defendant Commissioner correctly points out, assigning greater weight to an opinion is not the equivalent of entirely adopting that opinion. In the instant case, the ALJ assigned greater weight to Dr. Lyons' opinion by restricting Plaintiff to work at the light level of exertion, rather than the medium level of exertion restriction recommended by the State agency medical consultants.  It does

8

not follow, however, that the ALJ was also required to adopt entirely the postural limitations identified by Dr. Lyons.

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. <u>Abbott</u>, 905 F.2d at 922; <u>see also</u> <u>Jones</u>, 945 F.2d at 1368-69. In the instant case, substantial evidence exists in the record to support the ALJ's determination that Plaintiff's actual postural limitations were not as sweeping as the limitations suggested by Dr. Lyons. X-Rays of Plaintiff's lumbar spine revealed only mild degenerative changes with no fractures or malalignment. (Tr. 148.) An MRI of Plaintiff's lumbar spine confirmed the lack of focal disc herniation, stenosis, or disc bulge. (Tr. 154.) Furthermore, the results of a lumbar myelogram revealed no abnormalities, prompting Dr. James R. Bean to declare that while Plaintiff "has been in physical therapy and still has back pain . . . we have no evidence of any permanent impairing injury." (Tr. 185.) Additionally, Plaintiff's physical therapist reported that Plaintiff's rehabilitation potential was "good." (Tr. 196.) Finally, Dr. Lyons reported that straight leg raising test was negative bilaterally and that Plaintiff had no gross motor or reflex deficits in either lower extremity. (Tr. 252.)

<u>IV.   CONCLUSION</u>

In sum, the ALJ's decision finding Plaintiff not disabled is supported by

substantial evidence in the record.  The fact that some of the evidence in the record may support a contrary conclusion is insufficient grounds for reversal.  See Casey, 987 F.2d at 1233; Her, 203 F.3d at 389-90.  Therefore, for the reasons set forth above,

IT IS ORDERED HEREIN AS FOLLOWS:

(1)     Defendant Commissioner's motion for summary judgment (Record No. 16) is hereby GRANTED.

(2)     Plaintiff's motion for summary judgment (Record No. 15) is hereby DENIED.

(3)     Judgment be entered affirming the Commissioner's decision, dismissing this action with prejudice, and directing that this action be stricken from the Court's docket.

Signed December 29, 2005.



Signed By:
Peggy E. Patterson
United States Magistrate Judge

Date of Entry and Service: